E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JENA A. MACCABE (Cal. Bar No. 316637)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5046
     Facsimile: (213) 894-0141
     E-mail:    jena.maccabe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 22-00275-JLS |
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing Date: August 2, 2024<br>Hearing Time: 1:30 p.m. |
| MARCUS JAMAL SANCHEZ,<br>  aka "Marcus James Buchanan," | Location:    Courtroom of the<br>Honorable Josephine<br>L. Staton |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorney Jena A. MacCabe,
hereby files its sentencing position.

//

//

1    This sentencing position is based upon the attached memorandum

2 of points and authorities, the files and records in this case, and

3 such further evidence and argument as the Court may permit.

4  Dated: July 19, 2024              Respectfully submitted,

5                                    E. MARTIN ESTRADA
                                     United States Attorney
6
                                     MACK E. JENKINS
7                                    Assistant United States Attorney
                                     Chief, Criminal Division
8

9                                         /s/ *Jena A. MacCabe*
                                     JENA A. MACCABE
10                                   Assistant United States Attorney

11                                   Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA
12

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.   INTRODUCTION**

3

In early 2022, defendant MARCUS JAMAL SANCHEZ, also known as

4

"Marcus James Buchanan," ("defendant") called in a series of bomb

5

threats and threats to shoot staff and students at a few schools in

6

and around the Los Angeles area.  (Plea Agreement ¶ 9, Dkt. 46.)

7

Pursuant to a plea agreement, defendant pled guilty to one count of

8

making a threat through interstate commerce to damage and destroy

9

buildings by fire and explosives in violation of 18 U.S.C. § 844(e).

10

(<u>See</u> <u>id.</u> ¶ 2.a; Dkt. 56.)

11

The United States Probation Office (the "USPO") calculated a

12

total offense level of 15 and a criminal history category of I, for a

13

United States Sentencing Guidelines (the "Guidelines") range of 18 to

14

24 months' imprisonment.  (Presentence Investigation Report ("PSR")

15

¶ 144, Dkt. 61.)  The USPO is recommending a sentence of 18 months'

16

imprisonment.  (Dkt. 60.)  It also recommends a three-year period of

17

supervised release and a $100 special assessment.  (<u>Id.</u>)

18

Defendant and the government disagree with the USPO's Guidelines

19

calculations, pursuant to their plea agreement, which calculated a

20

total offense level of 12.  (Plea Agreement ¶ 11.)  With a criminal

21

history category of I, defendant's Guidelines range is 10 to 16

22

months' imprisonment.  For the reasons discussed below, and

23

consistent with its obligations in the plea agreement, the government

24

recommends a 13-month sentence, three years' supervised release, and

25

$100 special assessment.

26

**II.   STATEMENT OF FACTS**

27

On or about February 28, 2022, April 27, 2022, and April 28,

28

2022, in Los Angeles County, within the Central District of

California, and elsewhere, defendant, through the use of an instrument of interstate or foreign commerce, willfully made threats and maliciously conveyed false information knowing the same to be false, concerning an attempt and alleged attempt being made and to be made to unlawfully damage and destroy a building and other real and personal property, by means of fire and an explosive. (Plea Agreement ¶ 9.)

Specifically, at approximately 8:46 a.m. on February 28, 2022, defendant placed a telephone call to Overland Elementary School for Advanced Studies in Los Angeles, California, and stated, "There is a bomb at the school; when the kids go outside a van will shoot the kids." (Id.)

At approximately 8:51 a.m. that same day, defendant placed a telephone call to Vine Street Elementary School in Los Angeles, California, and stated, "There's a bomb in the school." (Id.)

At approximately 8:54 a.m. that same day, defendant placed a telephone call to Bancroft Middle School in Los Angeles, California, and stated, "There is a bomb outside of the school about to go off." (Id.)

At approximately 9:24 a.m. that same day, defendant placed a telephone call to Fairfax High School in Los Angeles, California, and stated, "I am in a car parked on Genesee Street [near Fairfax High School] with a bomb. There's going to be a lot of people dead." (Id.) He also stated, "It's going to go off any minute. We're going to blow up the school. You are a sorry piece of shit." (Id.)

At approximately 9:30 a.m. that same day, defendant placed a telephone call to Le Conte Middle School in Los Angeles, California,

1    and stated that he had planted a nitrate bomb inside the building.

2    (Id.)

3         At approximately 2:42 p.m. on April 27, 2022, defendant placed a

4    telephone call to Vine Street Elementary School and stated, "There is

5    a bomb at your school, and we will shoot the kids when they get out

6    of the school.  That's what you get for not accepting me in '86."

7    (Id.)

8         At approximately 2:45 p.m. that same day, defendant placed a

9    telephone call to Le Conte Middle School and stated, "I will shoot

10   the kids."  (Id.)

11        At approximately 2:50 p.m. that same day, defendant placed a

12   telephone call to Fairfax High School and stated, "When the kids get

13   out, there will be some shooting.  Some will be killed."  (Id.)

14        At approximately 1:12 p.m. on April 28, 2022, defendant placed a

15   telephone call to Overland Elementary School and stated, "Hey bitch.

16   You guys missed me.  Stop playing games; you know who this is.  I am

17   going to shoot the school.  I know the kids are there."  (Id.)  When

18   asked who was calling, defendant replied, "You will know when I come

19   over with my crew."  (Id.)

20        At approximately 1:18 p.m. that same day, defendant placed a

21   telephone call to Vine Street Elementary School and stated, "There is

22   a pipe bomb on Willoughby and Vine at the address of 955 Vine Street

23   [which is the address of Vine Street Elementary School]."  (Id.)

24   When asked who was calling, defendant replied, "That's for me to know

25   and you to find out."  (Id.)

26

27

28

**III. ARGUMENT**

    **A.    A Mid-Point Custodial Sentence of 13 Months Is Sufficient but Not Greater Than Necessary to Achieve the Purposes Set Forth in 18 U.S.C. § 3553(a)**

The Court must impose a sentence that is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a). The Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). In addition, the Court should fashion a sentence that reflects the seriousness of the offense, promotes respect for the rule of law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from future crimes of the defendant, among other considerations. 18 U.S.C. § 3553(a)(2). When considering all the § 3553(a) factors, a sentence of 13 months' imprisonment is just, sufficient, and necessary.

On balance, the offense's nature and circumstances and defendant's history and characteristics support the government's recommended sentence. 18 U.S.C. § 3553(a)(1). The PSR notes that defendant has a history of making bomb threats, although the convictions are dated now.[1] (PSR ¶¶ 90-91.) The threats that defendant made to the multiple schools in this case had real effects: schools were placed on lockdown, classes were disrupted, and law enforcement had to expend resources to investigate all the threats.

---

[1] Defendant requests a time-served sentence with 12 months of home detention to be served during his supervised release term. As the USPO explained though, "[d]espite having received a prior custodial sentence to impress upon him the seriousness of making such threats, [defendant] is again before the Court for having done the exact same conduct, but this time the conduct occurred over a longer time period and involved more victims." (Dkt. 60.) The government agrees.

4

(Dkt. 60.)  On the other hand, the PSR recognizes defendant's significant mental health problems.  (PSR ¶¶ 124–27.)  Although those problems do not excuse his crime, they show that a mid-range sentence is appropriate when balancing the other factors in this case.

The government's recommended mid-point sentence addresses the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public from further crimes of defendant.  See 18 U.S.C. § 3553(a)(2).

**B.    A Three-Year Term of Supervised Release Is Appropriate**

Given the seriousness of the instant offense, as well as the history and characteristics of defendant, the imposition of a three-year term of supervised release would provide a needed additional incentive for defendant to refrain from committing further crimes. As part of defendant's supervised release terms and conditions, the USPO is recommending mental health treatment, which he reported has been beneficial to him since being on pretrial supervision.  (Dkt. 60.)  A three-year term of supervised release, with the terms and conditions recommended by the USPO, is sufficient, but not greater than necessary, to protect the public and deter future criminal conduct.[2]

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to 13 months' imprisonment, a three-year period of supervised release with the terms and conditions recommended by the USPO, and a mandatory special assessment of $100.

---

[2] The government recommends that the Court, at sentencing, incorporate by reference and impose the standard conditions of supervised release enumerated in General Order 20-04.

5

**CERTIFICATE OF SERVICE**

I, Jena A. MacCabe, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action; and that on July 19, 2024, I emailed a copy of the government's sentencing position to U.S. Probation Officer Christopher Anderson.

This Certificate is executed on July 19, 2024, at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.

_____
JENA A. MACCABE